IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **CAMELBACK PROPERTIES**, a partnership, **TERRY WILBOURN** and **JAMES LANTZ**, partners,<br>   Plaintiff,<br><br>vs.<br><br>**PHOENIX INS. CO.**, a **TRAVELERS CO.**,<br>   Defendants. | Case No. 10 C 01467<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

I. Introduction

  Before the court is Plaintiffs' motion to remand this case to state court. This is a declaratory judgment action arising from the damage caused by a water pipe that burst on the second floor of a building located in McHenry, Illinois. The defendant insurance company issued a property coverage policy to Plaintiffs regarding the property at issue in this case, and Plaintiffs assert that the policy was in effect at the time that the pipe burst. After the pipe burst, Plaintiffs submitted an insurance claim to Defendant for the damage, which Defendant denied.

  On February 5, 2010, Plaintiff filed this action in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois against Defendant seeking a judgment declaring that Plaintiffs' loss is a covered loss under the policy of insurance issued by Defendant, and that Plaintiffs are entitled to recover from Defendant under the terms of the policy. A summons was issued that same day by the clerk of the circuit court, and a courtesy copy of the complaint was delivered to Defendant on February 10, 2010.

1

Defendant filed a notice of removal on March 5, 2010 in the Eastern Division of the Northern District of Illinois. That same day, Defendant filed a motion with the district court to transfer the case to the Western Division. On March 9, 2010, Judge Gottschall entered a minute order stating, "It appearing that this case was filed in error in the Eastern Division and that this case should have been filed in the Western Division, the court hereby transfers this case to the United States District Court, Northern District of Illinois, Western Division." (Crt. Doc. 7.) On May 19, 2010, the parties jointly consented to the exercise of jurisdiction by the magistrate judge. (Crt. Doc. 15.)

Plaintiffs filed this motion to remand on March 15, 2010. They challenge this court's jurisdiction on three bases. They first argue that Defendant did not file its notice of removal in a timely manner. Second, they argue that diversity does not exist among the parties. Third, they argue that because the case is a declaratory action, it does not involve an amount in controversy in excess of $75,000.

II. Timeliness

Plaintiffs' motion states, "[D]efendant did not timely file its Notice of Removal with the correct division of the district court within which the action was pending as required by 28 U.S.C. Section 1446(a)." (Pls.' Mot. ¶ 1.)

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). "[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

(1999).

Section 1406(a), titled, "Cure or Waiver of Defects," states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1402(a). In *Wagenknecht v. Wal-Mart Stores, Inc.*, No. 95-C50243, 1995 WL 617479, 1995 U.S. Dist. LEXIS 15502, at * 3–4 (N.D. Ill. Oct. 13, 1995) (Reinhard, J.), the court held that remand was not required under the statute where the case had been removed to the wrong division. *Id.* (*citing Heller v. Komatsu*, 869 F. Supp. 612, 613 (N.D. Ill. 1994) *and Kreimerman v. Veederkamp*, 22 F.3d 634, 644–45 (5th Cir. 1994)).

Even if Defendant's receipt of the complaint on February 10, 2010 constituted proper service (Defendant asserts that it did not), Defendant's notice of removal was timely filed in the Eastern Division 28 days later on March 5, 2010. Defendant quickly realized that it had filed in the wrong division and filed a motion to transfer on March 5, 2010. *Wagenknect*, *Heller*, and *Kreimerman* all held that section 1406(a) expressly provides a cure for removing a case to the wrong division. But even if section 1406(a) does not provide such a cure, Defendant's motion to transfer, which was filed within the 30 day time limit, does cure the error in this case. The court finds that Defendant filed a timely notice of removal.

III. Diversity

Under section 1332, this court has jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332 further provides the following:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that

3

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

*Id*. § 1332(c)(1). A "direct action," as that term is used by the proviso in section 1332, "is one in which a party who suffered injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining judgment against the legally responsible party." 15 *Moore's Federal Practice* ¶ 102.58[2] (3d ed. 2009); *Logan et al. v. Associated Int'l Ins. Co.*, 131 F. Supp. 986, 987–88 (N.D. Ill. 2001); *McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle v. Home Ins. Co.*, No. 94-C2856, 1994 WL 323263, 1994 U.S. Dist. LEXIS 8905, at *4–7 (N.D. Ill. June 30, 1994). "Unless the cause of action is one that could be brought against the insured, the action is not a direct action for the purpose of the statute." 15 *Moore's Federal Practice* ¶ 102.58[2]. "A suit by an insured against his or her own insurer is denominated a first-party action. The direct-action rule of Section 1332(c) does not apply to a first party action, whether the action is based on denial of coverage or bad-faith insurance practices." *Id*. ¶ 102.58[4].

Defendant asserts in its notice of removal that it is incorporated in the state of Connecticut, with its principal place of business in the State of Connecticut. (Def.'s Notice of Removal ¶ 6.) Defendant also asserts that Plaintiff Camelback Properties was and is a partnership, with all its partners being citizens of the State of Illinois. (*Id*. ¶ 5.) Plaintiffs' motion to remand does not dispute these assertions.

Plaintiffs argue that this is a "direct action by the insured against the insurer," and that under these circumstances, the insurer is deemed a citizen of the state of the insured under

section 1332(c). Thus, according to Plaintiffs, all parties are citizens of the state of Illinois and diversity does not exist among the parties.

Plaintiffs are wrong. Plaintiffs' action is one by an insured against its insurer. It is a contract dispute. It is not a "direct action," as that term is used by section 1332(c). The proviso of section 1332(c) does not apply. Indeed, under some circumstances, Illinois has a public policy generally prohibiting "direct actions" against insurers. *See Richardson et al. v. Econ. Fire & Cas. Co.*, 485 N.E.2d 327, 329 (Ill. 1985) ("Plaintiffs do not dispute that the public policy of [Illinois] prohibits an injured party from recovering personal injury damages against an insurance carrier on account of the negligence of its insured prior to obtaining a judgment against the insured.").

Defendant's citizenship is the state in which it is incorporated and the state in which it has its principal place of business: Connecticut by both accounts. The partners of Camelback Properties, Terry Wilbourn and James Lantz, are both alleged to be citizens of Illinois. Defendant's notice of removal properly alleges complete diversity of citizenship among the parties.

IV. Amount in controversy

Plaintiffs suggest that the amount controversy requirement is not met in this case because this is "solely a claim for a declaratory judgment" and "it does not involve a controversy for money damages[.]" (Pls.' Reply ¶ 1.)

A federal district court can have subject matter jurisdiction based on diversity of citizenship over an action for declaratory judgment. *See Civil City of South Bend, Indiana et al. v. Consol. Rail Corp. et al.*, 880 F. Supp. 595, 598–99 (7th Cir. 1995) (finding that the

5

Declaratory Judgment Act, 28 U.S.C. § 2201, does not alone bestow subject matter jurisdiction in a diversity action for declaratory relief, and that the court must also have jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332). In actions seeking declaratory relief, "the amount of controversy is measured by the value of the object of the litigation." *Hunt et al. v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Hannenberg v. Baker et al.*, No. 03-C3340, 2004 WL 2700490, 2004 U.S. Dist. LEXIS 1280, at *4 (N.D. Ill. Feb. 2, 2004). In the Seventh Circuit, the court may measure the value of the object of the litigation from either the plaintiff's or the defendant's viewpoint, known as the "either viewpoint" rule. *McCarty et al. v. Amoco Pipeline Co.*, 595 F.2d 389, 395 (7th Cir. 1979). The proponent of federal jurisdiction must allege facts that the amount in controversy exceeds $75,000. *McNutt et al. v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). If the amount in controversy is disputed, the proponent must prove the facts that support jurisdiction by a preponderance of the evidence. *Id*. Upon such a showing by the proponent of federal jurisdiction, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian Sec. Ins. Co. v. Sadowski et al.*, 441 F.3d 536, 542 (7th Cir. 2006).

In this case, Plaintiffs have not explicitly disputed that the value of the object of the litigation is less than $75,000. Plaintiffs argue instead that this case involves "solely a claim for declaratory judgment" and that "it does not involve a controversy for money damages[.]" Plaintiffs seem to be arguing that the case's status as a declaratory action strips subject matter jurisdiction from this court. That is simply incorrect. The law is clear on this point. This court can exercise jurisdiction if the object of the litigation is valued in excess of $75,000. *Civil City of South Bend*, 880 F. Supp. at 598–99.

Assuming that Plaintiffs do dispute that the amount of controversy in this case is less than $75,000, the court is still convinced that it has subject matter jurisdiction. The object of the litigation is the cost of the repair and clean-up of the damage caused by the water pipe bursting. The water pipe bursting left four or five feet of water in the basement, which rendered two furnaces and a hot water heater inoperable. That water had to be pumped out. Drywall, carpet, and pergo flooring were damaged in four of the eight offices in the building. Defendant inspected the building after Plaintiffs filed their claim, and noted that areas of the underlayment of the floor under both the carpet and the pergo had buckled up and that there were large humps that had risen up in some places almost an inch. In some spots, the floor felt soft and not safe to walk on.

Defendant's documents also indicate the building had extensive damage that did not appear to have been caused by the water pipe bursting. For example, the second floor of the building had damage to the ceilings, and a large amount of the second floor ceilings had completely collapsed.

It is unclear exactly how much it is estimated the cost would be to repair the damage caused by the burst water pipe. Plaintiffs have not tendered an estimate to Defendant, and have thus far declined to stipulate that the damages in this case are less than $75,000. The insurance limit on the building is $484,890. From Defendant's viewpoint, if floors, walls, and ceilings need to be replaced, then damages could be in excess of $75,000. With this in mind, the court finds that Defendant has satisfied its burden to support its assertion that the jurisdictional minimum is met in this case.

V. Conclusion

The court finds that Defendant filed a timely notice of removal. The court also finds that complete diversity of citizenship exists and that the amount in controversy could exceed $75,000. Defendant has satisfied its burden regarding the requirements of 28 U.S.C. § 1332. Plaintiffs' motion to remand to denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: June 15, 2010